UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BROWARD PSYCHOLOGY, P.A., individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED HEALTHCARE SERVICES, INC., a Minnesota corporation,<br><br>*Defendant*. | Case No. 0:18-cv-61028 |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Broward Psychology, P.A. ("Broward Psychology" or "Plaintiff") brings this class action against Defendant United HealthCare Services, Inc. ("United HealthCare" or "Defendant"), to stop its practice of sending unauthorized and unwanted fax advertisements, and to obtain redress for all persons and entities similarly injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

**NATURE OF THE ACTION**

1.  This case challenges United HealthCare's practice of sending unsolicited faxes to doctors' offices.

2.  The faxes advertise the commercial availability and quality of "United HealthCare benefit plans," including "Insurance coverage," "Administrative services," and "Behavioral health products." The faxes also advertise the availability of United HealthCare products and "service[s] for care providers," including United HealthCare's "Link" tool and its training webinars.

1

3.     Defendant United HealthCare sent the faxes at issue to Plaintiff and the Class despite: (i) having no established business relationship with them; (ii) never receiving the recipients' consent to send them such faxes; and (iii) that none of the faxes sent contained required opt-out notices.

4.     As such, Defendant's fax advertisements violate the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and caused Plaintiff and putative members of the Class to suffer actual harm, including the aggravation and nuisance of receiving such faxes, the loss of use of their fax machines during the receipt of such faxes, and increased labor expenses.

5.     Accordingly, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized fax-based marketing activities, as well as an award of actual and/or statutory damages, along with costs.

## PARTIES

6.     Plaintiff Broward Psychology, P.A. is a Florida professional association with its principal place of business in Hollywood, Florida.

7.     Defendant United HealthCare Services, Inc. is a Minnesota corporation with its principal place of business in Minnetonka, Minnesota.

## JURISDICTION & VENUE

8.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), a federal statute for which there is federal question jurisdiction.

9.     The Court has personal jurisdiction over Defendant and venue is proper in this District because the wrongful conduct giving rise to Plaintiff's cause of action occurred in this District and because Plaintiff resides in this District.

## COMMON FACTUAL ALLEGATIONS

10. Defendant United HealthCare is a leading health insurer that offers a variety of insurance plans and services to group and individual consumers nationwide.

11. As part of an overall marketing plan to advertise its programs and services, United HealthCare sends unsolicited faxes to doctors and their organizations. A copy of the fax advertisement received by Plaintiff is attached as Exhibit A.

12. The unsolicited faxes advertise the commercial availability and quality of United HealthCare's "Online self service [tools] for providers," including: (a) "Link," United HealthCare's "most powerful" tool that allows doctors to "transact[]" online with United HealthCare to "Save Time and Increase Productivity," maintain "Superior Documentation," and "Save on Paper Costs"; and (b) United HealthCare's training webinars.

13. The unsolicited faxes also advertise the commercial availability and quality of United HealthCare's offerings to consumers, including doctors and their organizations, including: (a) "Insurance coverage provided by and through United HealthCare Insurance Company, All Savers Insurance Company, or their affiliates"; (b) "Health Plan coverage provided by United HealthCare of Arizona, Inc., UHS of California DBA United HealthCare of California, United HealthCare Benefits Plan of California, United HealthCare of Colorado, Inc., United HealthCare of Oklahoma, Inc., United HealthCare of Oregon, Inc., United HealthCare of Texas, LLC, United HealthCare Benefits of Texas, Inc., United HealthCare of Utah, Inc. and United HealthCare of Washington, Inc. or other affiliates"; (c) "Administrative services provided by United HealthCare Services, Inc., OptumRx, OptumHealth Care Solutions, Inc., Oxford Health Plans LLC or their affiliates"; and (d) "Behavioral health products [which] are provided by U.S. Behavioral Health Plan of California (USBHPC), United Behavioral Health (UBH) or its

3

affiliates."

14. The fax advertisements, however, fail to provide recipients with proper opt-out notice information required by the TCPA and implementing regulations. Specifically, the faxes fail to provide notice identifying a fax number and domestic contact telephone number for fax recipients to transmit their opt-out requests.

15. Defendant United HealthCare sends these fax advertisements to consumers with which it has no existing business relationship, and without express invitation or permission, in violation of the TCPA.

16. United HealthCare uses a fax machine, computer, or other device to send the fax advertisements at issue.

### FACTS SPECIFIC TO PLAINTIFF BROWARD PSYCHOLOGY

17. On May 5, 2018 at approximately 9:57 am, United HealthCare used a fax machine to send an unsolicited fax advertisement to Plaintiff. A copy of the fax advertisement is attached as Exhibit A.

18. The fax advertisement promoted the commercial availability and quality of United HealthCare's goods and services, which doctors and their organizations are among the consumers of.

19. The fax advertisement failed to contain the required opt-out notice identifying a fax number and telephone number for fax recipients to transmit their opt-out requests.

20. Plaintiff has never communicated with United HealthCare regarding its goods or services, has never had a business relationship with United HealthCare, and has never provided United HealthCare with its consent to send it advertisements by fax or otherwise.

## CLASS ACTION ALLEGATIONS

21. **Class Definitions:** Plaintiff Broward Psychology brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) individually and on behalf of a Class of similarly situated individuals defined as follows:

> All persons and entities who (1) on or after four years prior to the filing of the initial complaint in this action, (2) received a telephone fax advertisement, (3) sent from or on behalf of United HealthCare, (4) and from whom United HealthCare (a) did not have a record of prior express consent to send the fax advertisements or (b) claims to have obtained consent in the same manner as it claims to have obtained consent from plaintiff.

The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definitions following appropriate discovery.

22. **Numerosity**: The exact size of the Class is unknown and unavailable to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant faxed unsolicited advertisements to thousands of individuals and entities who fall into the definition of the Class. Class membership can be easily determined from Defendant's records.

23. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff is a member of the Class, and if Defendant violated the TCPA with respect to

5

Plaintiff, then it violated the TCPA with respect to the other members of the Class. Plaintiff and the Class sustained damages as a result of Defendant's uniform wrongful conduct.

24.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   a) How Defendant gathered, compiled, or obtained the fax numbers of Plaintiff and the Class;

   b) Whether Defendant's faxes advertised the commercial availability or quality of property, goods, or services;

   c) Whether Defendant sent the fax advertisements without first obtaining Plaintiff and the Class's prior express permission or invitation to do so; and

   d) Whether Defendant's conduct was willful such that Plaintiff and the Class are entitled to treble damages.

25.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

26.     **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law

6

applicable only to Plaintiff.

27.     **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Class)**

28.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

29.     The TCPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement. . . ." 47 U.S.C. § 227(b)(1)(C).

30.     The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47

U.S.C. § 227(a)(5).

31. The faxes sent by Defendant advertised the commercial availability and quality of its goods and services and were therefore commercial in nature, constituting advertisements under the TCPA.

32. Defendant sent the fax advertisements at issue to Plaintiff and other members of the Class without their prior express invitation or consent, and despite the lack of an existing business relationship between it and members of the Class.

33. By sending the unsolicited fax advertisements to Plaintiff and other members of the Class without their prior express invitation or permission, Defendant violated 47 U.S.C. § 227(b)(1)(C).

34. As a result of Defendant's conduct, Plaintiff and the other members of the Class suffered actual damages, including the conversion or loss of paper and toner consumed in the printing of the faxes, the loss of use of the recipients' fax machines during the time required to receive, review and route the unauthorized faxes, as well as increased labor expenses.

35. Plaintiff and the other members of the Class are therefore entitled to a minimum of $500 in damages for each violation under 47 U.S.C. § 227(b)(3)(B). To the extent Defendant's misconduct is determined to be willful, the Court should treble the amount of statutory damages under 47 U.S.C. § 227(b)(3).

36. Additionally, as a result of Defendant's unlawful conduct, Plaintiff and the other members of the Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A), to ensure that Defendant's violations of the TCPA do not continue into the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Broward Psychology, P.A., on behalf of itself and the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Broward Psychology, P.A. as the representative of the Class, and appointing its counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate the TCPA;

C. An order declaring that Defendant's faxes constitute unsolicited advertisements, that they lacked the required opt-out language, and that Defendant sent the faxes without first obtaining prior express invitation or permission of the recipients, and enjoining Defendant from further violations, and otherwise protecting the interests of the Class;

D. An award of statutory damages;

E. An award of pre-judgement interest and costs; and

F. Such further and other relief the Court deems just and proper.

**JURY DEMAND**

Plaintiff requests a jury trial.

Dated: May 8, 2018.

/s/ Avi R. Kaufman
Avi R. Kaufman
Florida Bar No. 84382
KAUFMAN P.A.
400 NW 26th Street
Miami, Florida 33127
Telephone: (305) 469-5881
Email: kaufman@kaufmanpa.com

*Counsel for Plaintiff Broward Psychology, P.A. and all others similarly situated*